CTJ/RMT
ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## _____ DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2008 FEB 25  PM 12: 28

CLERK OF COURT

Josephine CRUZ
**Plaintiff**

v.

MHMRTC
**Defendant**

Civil Action No:

**4-08CV-120-Y**

## COMPLAINT

1) Personal Harm:
On or about December 27, 2007, I was forced to resign.

2) I told Mr. Vasser I was worried that I couldn't meet the deadlines in reference to the timesheets that I had to do, due to another co-worker resigning, and I did not want to fall behind in my other duties.

3) I believe I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dated, this 25 day of February, 2008

Signature  Josephine Cruz
Print Name  Josephine CRUZ
Address  4600 Barbara Dr. Apt 52
         River Oaks, Texas 76114
Telephone  817 932-3092

## DISMISSAL AND NOTICE OF RIGHTS

To: Josephine Cruz
4600 Barbara Road
River Oaks, TX 76114

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2008-01364 | Donna Day, Investigator Support Asst | (214) 253-2884 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_                                            01-31-08

Michael C. Fetzer,
Director                                                 (Date Mailed)

Enclosures(s)

cc: Donna Massey
Human Resources Director
MHMR OF TARRANT COUNTY
1300 Campus Drive
Fort Worth, TX 76107

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2008-01364 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Josephine Cruz | (817) 377-0859 | 03-11-1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4600 Barbara Road, River Oaks, TX 76114 apt 52 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MHMR OF TARRANT COUNTY | 500 or More | (817) 569-4300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3840 Hulen Street, North Tower, Fort Worth, TX 76107 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-27-2007   Latest: 12-27-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. **PERSONAL HARM:**

On or about December 27, 2007, I was forced to resign.

II. **RESPONDENT'S REASON FOR ADVERSE ACTION:**

I told Mr. Vasser I was worried that I could not meet the deadlines in reference to the timesheets that I had to do, due to another co-workers resigning, and I did not want to fall behind in my other duties.

III. **DISCRIMINATION STATEMENT:**

I believe I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 31, 2008
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 1/31/08

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## DISMISSAL AND NOTICE OF RIGHTS

To: Josephine Cruz
4600 Barbara Road
River Oaks, TX 76114

From: Dallas District Office
207 S. Houston St.
3rd Floor
Dallas, TX 75202

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2008-01364 | Donna Day, Investigator Support Asst | (214) 253-2884 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_  01-31-08

Michael C. Fetzer, Director  (Date Mailed)

Enclosures(s)

cc: Donna Massey
Human Resources Director
MHMR OF TARRANT COUNTY
1300 Campus Drive
Fort Worth, TX 76107

# Information Related to Filing Suit
# Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 450-2008-01364 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Josephine Cruz | (817) 377-0859 | 03-11-1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4600 Barbara Road, River Oaks, TX 76114  apt 52 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MHMR OF TARRANT COUNTY | 500 or More | (817) 569-4300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3840 Hulen Street, North Tower, Fort Worth, TX 76107 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-27-2007   Latest: 12-27-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. **PERSONAL HARM:**

   On or about December 27, 2007, I was forced to resign.

II. **RESPONDENT'S REASON FOR ADVERSE ACTION:**

   I told Mr. Vasser I was worried that I could not meet the deadlines in reference to the timesheets that I had to do, due to another co-workers resigning, and I did not want to fall behind in my other duties.

III. **DISCRIMINATION STATEMENT:**

   I believe I have been discriminated against because of my national origin, Hispanic, in violation of Title VII of the Civil Rights Act of 1964, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Jan 31, 2008
Date / Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  1/31/08

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

*Grieves Letter*

To: Nelda Edwards
Date: December 31st, 2007

December 19, 2007 I turned in my first letter of resignation to Donnie Vassser, my supervisor and placed in his office. Later that day Mr. Vassesr came up to me to tell me as to why was I resigning and stated to me "do you have another job" I told him no, I did not have another job and my reason for the letter was that I was worried that I could not meet the deadline in reference the timesheets that I had to do due to Nayda Thompson resigning also and because I did not want to fall behind on my own duties with the sals, etc and because I never had on hands experience doing timesheets. At that time Mr. Vasser was advised that I needed help when it came around to doing the timesheets, also mention to Mr. Vasser that Mary Easton the one who was originally assigned to do the timesheets when Nayda left, came up to me days prior stating to me that she was not going to do the timesheets and that no one was going to make her do them. Mr. Vasser said nothing to me as to getting me help or not. I then left his office. Mr. Vasser came to me later that day, requesting that I do a two weeks notice so that I can get good reference and also the status of re-hire on my personnel file.

December 20th, 2007 I turned in a two weeks notice to Mr Vasser and placed it underneath his door as Mr. Vasser was already gone on his vacation.

December 21st, 2007 I went and spoke with Grace in reference to my resignation letter, because I had turned in a two weeks notice and Donnie was not there, so Grace took a copy to Molly. Later that day I mentioned to Grace in her office that I needed some help with doing the timesheets because I was worried about not meeting the deadline that the timesheets have in order to get paid and no on hand experience. Grace asked me that if she got me some help doing timesheets, would I consider staying and I told her "yes" I would and that I appreciate her for giving me the opportunity to talk with her. Grace mentioned to me that if I had spoken with my supervisor Donnie about how I feel and the reason for my resigning and I told her, yes, I did but that he said nothing about the issue. .

December 26th, 2007, I typed a removal of resignation letter and gave it to Donnie who was pleased that I had changed my mind. I told him that upon his absence that I had spoken with Grace who told me that she would get me some help, if I would stay. Donnie, said that he was going to speak with Joyce in HR to see if she had posted the position yet or not, but that if she did, that he could still work around that and manage it for me to stay. I thanked Mr. Vasser and immediately went to see Cheryl Greenawalt since she has been aware of the my situation and who believed also, that I needed help and that it was not my fault and anyone else, that Nayda gave her notice to leave. Later that same day Mr. Vasser came to me and told me that now "he had to think about, that he had change his mind and wanted some time to think about it", and gave til 2:00 pm to give an answer. I told Mr. Vasser that he had already approved me to stay and that why was he doing this me, and that you just don't play with people like that. He still said I need time to think about it. I just said that it was not fair to me and I mentioned to him that I did not have another job to go to and that I had bills to pay, rent, car payment, ect, and he said well, you should have thought about that before giving your notice to

leave. He would not hear anything else about the matter and still advised he will let me know around 2:00 pm.

Continue December 26th, 2007 Mr. Vasser called me into his office around 2:15 pm to tell me that he had decided to let me go and that he was accepting my resignation letter of two weeks. I started crying and told him why he was doing this to me and that I did my work well and some and always helping other employees, Travona, Rosalyn and Nayda. He said that it was not because of my work that it had to do with the email that Nelda sent and the noise, complaints, rumors, etc. I told Mr. Vasser that he was retaliating against me and told him "would I have been fired or let go" if it wasn't for the resignation letter and he said "no", that he would have not let me go and I would have not been fired but since you turned in your resignation letter, I am going to accept it and leave at that. I told him that I was going to see Molly because this was just not fair to me as an individual to retaliate against me for something that I had never confessed to or had been ask anything in reference to Nelda's email. Mr. Vasser stated to me that Molly was the one that told him to let me go because of the email, noise and complaints that I made, that she Molly, no longer wanted me there. I still went to Molly as my chain of command to speak with her that why was I being treated this way and that they both herself and Donnie were retaliating towards me without giving me. When I arrived at Molly's office she greeted me well I then sat down and told her that I needed to talk to her about my resignation letter and that Donnie had already approved me to stay this morning. Molly then yelled at me in a very high voice, telling that "you put yourself in the street" and that once an employee gives a letter of resignation that means to her that they are not happy here anymore and that she had to accept it and no buds about it. I told Molly that Donnie had told me that he was letting me go because she had advised him to let me go due to the rumors, reference the email that Nelda Edwards sent out and the noise that I complaint about. I knew then that I had to leave her office because she was just insulting and humiliating me, and I told Molly that I could not bear it any more and thanked her for her time anyway. I then later advised Donnie that I will be meeting with Nelda Edwards the next morning and that I will be coming in late to work, he said that was okay.

December 27th, 2007 I went to the Hulen office to meet with Nelda Edwards approx 10:30 am. Nelda spoke with me in a private office in which she was taking notation down. I told Nelda that Donnie had accepted my removal of my resignation letter and then changed his mind later that day. I also made Nelda aware of my meeting with Molly in where she "yelled" at me in her office when I went to speak with her about their decision. I told Nelda that they were retaliating against me due to her email to the company in reference to the coffee pot and because I had complaint about the noise in our unit. Nelda then told me that at the supervisor/program manager training sessions, that they are trained that when an employee turns in their resignation letter to leave, it is a sign that they are not happy in their position or working for the company anymore and that they have to accept their resignation letter and there is no way around that. Nelda stated to me also, that I place myself in that situation and that I should have never gave a letter of resignation. I then mentioned to Nelda that they were retaliating against me and was told by them both Donnie and Molly that that was the reason they were letting me go. I told Nelda that that is retaliation and that I was not let go due to my work. I then asked Nelda if she could talk to Donnie about allowing me more time to look for work since I did not have another job to go to and Nelda advised she will talk to Molly and Donnie to see if there is anything else they can place you in within the same unit or building. I mention to Nelda that I spoke with Buddy about his position since he had an opening, but he said that he was not going to hire anyone until another 2 to 3 weeks.

December 27, 2007 (continue) When I came back into the office, immediately Donnie brought me into his office and Molly was already in there. Donnie and Molly spoke to me that it was best to my interest that I left immediately and that Nelda spoke with both of them to at least give me a change to extend my leave and they refused and instead told me that I would be let go immediately with pay til my two week notice was up which will be January 4th, 2008 so that I can be able to seek employment elsewhere. I told Molly and Donnie that I did not want to leave and that I wanted to continue work there for the company in my position and Molly and Donnie said that was not going to happen and that this was the best that they could do and both ask me to leave immediately and to turn in by I.D badge. I then asked Molly that if Mel Hughes was in, so that I can speak with me as to what was happening to me and they way I am being treated, Molly said "no" he is on vacation and that Mel will not listen to me anyway, that it was pointless to go to him, because she had made her decision of not wanting me there. I then asked Donnie for a reference letter so that I could submit with my job applications and Molly jumped in and said "no" for him, Donnie could not speak in reference to the reference letter I asked of him, Molly did all the talking and decisions for him as if he was not there. I again told them both Molly and Donnie that why were retaliating against me, again they said because of the email, complaints, etc. I told Molly and Donnie that this was not fair to me as an individual and it is not justice to be treated like that and that I was a human being. Molly just did not care whatsoever and again stated that "I put myself in this situation".

December 30th, 2007 I phone Pamela Smith at 817 569-5601 in which she answered and said that she was fixing to call me, as she received my message I had left the night before, that I needed to speak her. Pamela listened to my situation and set up an appointment to meet with Mel Hughes on January 7th at 3:00 pm to discuss this. Pamela also advised me to do a Grieves letter and turned it in to Nelda Edwards that those were the proper way to handle things and for me to speak to Mel Hughes.


THIS IS MY CLOSING ARGUMENT:

I Josephine Cruz, fell that I was treated unfairly and was being retaliated against my person for the email that Nelda sent out to the MHMR company and other rumors as stated to me to my face in person by both Molly Hurst the director of MHMRTC and Donnie Vasser, my supervisor on date mentioned above. I mentioned to Nelda Edwards on December 29th, via phone that Nayda Thompson also gave her notice of resignation as I did, only that hers was two weeks prior and that they let her stay and not me. This is unjustified and humiliated to my person in which the way I was treated and the things that were said to me. We have to be treated equal and it is not fair to me as an individual to let one go and not the other, Nayda Thompson who also gave her resignation as I did, and Nayda Thompson still remains in her position and not I. .
I sincerely hope that I get the up most attention with honesty and interiority and do the one thing as to give me my job back as the Unit Clerk IV for MHMRTC, as retaliation was used against my person and they used my letter of resignation to their advantage to get rid of me.


Sincerely Yours,

*Josephine Cruz*

Addition to my Grieves Letter

January 9, 2008

December 26th, 2008, This is an addition to my previous Grieves Letter that was given to Nelda Edwards on December 31st, 2007. I want to add the following information in which I forgot to submit on my Grieves Letter. On the date in question, December 26th, 2007, Mr. Vasser also stated to me that the other reason he was letting me go besides the retaliation he used via e-mail, noise, complaints that I he said I did, that he had to take into consideration other peoples feelings, such as service coordinators and that a lot of people did not want me there, that they were not happy with me there. I then stated to Mr. Vasser that , that is retaliation and if he knew what he was saying to me and knew that he was retaliating against my person, Mr. Vasser said nothing.

December 31st, 2008, I took Nelda Edwards my Grieves Letter to her office and give it to her as she was there in the office. I then started speaking with Nelda Edwards about the way that Molly Hurst, the Director and Donnie Vasser, my Supervisor, got me out of the building, that they did not let me finish up my two weeks notice which was up on January 4th, 2008, that I wanted to work and wanted my job back. Nelda Edwards yelled at my person telling me that she was mad because she received a call from Pam Smith and also because I have been making phone calls. I stated to Nelda Edwards not be yelling at me. Nelda Edwards stated to me that she spoke with Nadya Thompson's mother due to her being a friend of hers and that she made a phone call to Oklahoma to speak with her in reference to Nayda Thompson her daughter's resigning letter. Nelda Edwards stated to me that Nayda's mother advised her that Nayda resigned to come and live in Oklahoma with her and she was waiting for her. Nelda Edwards then stated to me that for me to enjoy my new grandson and not to worry about Nayda that she was handling it and that I should be happy that I did not have to work and was still getting paid and Nayda Thompson had to work her remainder of her notice til January 4th, 2008. Nelda Edwards stated to me that Nayda will not be there after the 4th of January, 2008, since her resignation letter was also with her last day being January 4th, 2008 just like mine. During the yelling upon my person from Nelda Edwards, there was another employee, female, whom I did not know, waiting to speak with Nelda Edwards sitting right outside her office, the door was kept opened at all times. I mentioned to Nelda Edwards that there was someone sitting there and that she was also hearing her yelling at me, Nelda Edwards told me not to worry about it, the female left the office.

Sincerely Yours,

*Josephine Cruz* (signature)

Josephine Cruz

Addition to my Grieves Letter #2
January 30th, 2008

January 10th, 2008 I received a telephone call from Donna Massey's secretary Linda, who stated to me that Donna wanted to know for what positions that I place the job bids for. Linda asks for exactly what department, unit, location and if I had the job bid numbers. I related that information to her, thinking that I was going to get some help with the transfers by their office.

January 10th, 2008 at around 3.41 pm, I received a phone call from Carmen advising me that the position that I had posted the job bid for CSA has been frozen due to budget issues. I then telephoned Espi who is Personnel's Manager for Human Resource who advised me that all CSA positions that I had posted job bids for where in fact placed on a freeze status. I then left a telephone message in late evening hours on Donna Massey's voice mail, advising her that "why were they still retaliating against me, freezing the positions that I had posted job bids for".

January 11th, 2008 I received a telephone call from Linda, Donna Massey's secretary asking me if I still wanted to meet with Donna and Nelda and that they could see me at 3:00 pm today. I agreed to meet with Donna. While I was there I advised Donna that the Grieves Letter still stands true and correct and that I could not believe on how they treated me. After our meeting with both myself, Donna and Nelda present, Donna advised me that Nelda was going to take me into her office to help me with the job bids. Nelda printed out a list of the job postings that were currently open with MHMRTC. Nelda then told to look over the list and point out the ones that I qualified for and as I was pointing out the positions, Nelda was writing them down. Nelda then advised me to go to Personnel and place job bids for the ones that I qualified for on the ones that she was also writing down. I went to Personnel that same day and place the job bids. Paula Kennedy who is in charge of the entry of the job bids in the system and routes them to the hiring supervisors, did not place my job bids until Tuesday, January 15th, 2008. I telephoned Paula that why did she wait until then to place the job bids in, Paula did not have much to say only that she was too busy on Monday to put them in.

January 11th, 2008 I received a telephone call from Carmen who advised me that she had notification that the hiring freeze was removed and that she was calling me to set up a job interview for the CSA position and if I was still interested in interviewing. I advised Carmen, yes, I was very much interested. I was then set up for a job interview for January 16th, 2008 to meet with Steve and Tara at 1400 S. Main St at 12:00 pm.

January 16th, 2008 after my interview I was informed by Donna Massey and Nelda Edwards that all the positions that I had place job bids for where all frozen at this time.

Josephine Cruz

*Josephine Cruz* (signature)

January 30th, 2008

Job Bids in question:
11018
11009
10998
10994
10971
10968
10967
10948
10943
10922

Addition to Dec. 27, 2007

When Molly and Donnie let me go, it was demanded that I leave asap with Admin Paid Leave for my remainder of my 2 wks notice. That I would get paid until Jan. 4, 2008, so I may be able to look for employment elsewhere. I chose to stay until Jan 4, 2008 and both Molly and Donnie refused and said "no" that I did not have no altimation or choice, that I had to take what they were offering me. I then call Nelda, who advised me that I had to take it, I had no choice and that was best for me. I also was not any choice to stay until Jan 4, 08.

Josephine Cruz

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Josephine Cruz

### DEFENDANTS

(b) County of Residence of First Listed Plaintiff: **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
**4-08CV-120-Y**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Violation of Title VII of the Civil Rights Act of 1964, as amended.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: Feb 25, 2008
SIGNATURE OF ATTORNEY OF RECORD: Josephine Cruz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____